(May 4, 1999)

■ DESPINA VIOLOS, Respondent, v MIKADO REALTY Co., Defendant, and EDWARD K.C. SIEH, Appellant. [690 NYS2d 13] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered on or about May 28, 1998, which denied defendant's post-trial motion to set aside the verdict and granted plaintiff's motion to the extent of directing the parties to stipulate to an increased award of $250,000 or appear for trial on the issue of damages only, unanimously reversed, on the law, with costs, plaintiff's motion denied, and defendant's motion granted to the extent of remanding for a new trial.

Plaintiff, who proceeded *pro se* at trial, created nothing short of a circus atmosphere, displaying utter contempt for the Trial Justice and her adversaries, as well as for the judicial process itself. In particular, we note plaintiff's repeated and transparently deliberate references to evidence that she was very clearly precluded from introducing, her extended arguments with the court in the presence of the jury, which included personal appeals for the jury's sympathy, and her frequent entreaties to the jury that she be compensated for the time spent in litigating the matter *pro se*.

In light of this egregious behavior on plaintiff's part, we are unable to find that defendant received a fair trial. We therefore find that the verdict must be set aside and the matter remanded for a new trial. Concur—Ellerin, P. J., Lerner, Andrias and Saxe, JJ.